IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLENE M.,[1] | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 7:21-CV-00580 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Charlene M. ("Charlene") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") finding her not disabled and therefore ineligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Charlene alleges that the Administrative Law Judge ("ALJ") erred by failing to properly assess her age category, her physical and mental impairments, and her subjective allegations about her pain. I agree that the ALJ's decision does not adequately discuss Charlene's age category. Accordingly, I **RECOMMEND GRANTING in part** Charlene's Motion for Summary Judgment (Dkt. 15), **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. 17), and **REMANDING** this case for further administrative proceedings consistent with this opinion.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence supports

---

[1] Due to privacy concerns, I use only the first name and last initial of the claimant in social security opinions.

the Commissioner's conclusion that Charlene failed to demonstrate that she was disabled under the Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro, 270 F.3d at 176 (quoting Craig v. Chater, 76 F.3d at 589). Nevertheless, the court "must not abdicate [its] traditional functions," and it "cannot escape [its] duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, remand is appropriate if the ALJ's analysis is so deficient that it "frustrate[s] meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (noting that "remand is necessary" because the court is "left to guess [at] how the ALJ arrived at his conclusions"); see also Monroe v. Colvin, 826 F.3d. 176, 189 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion" and holding that

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

remand was appropriate when the ALJ failed to make "specific findings" about whether the claimant's limitations would cause him to experience his claimed symptoms during work and if so, how often) (citation omitted). I find that remand is appropriate here because the ALJ's opinion fails to explain Charlene's change in age category during the pendency of this action.

## CLAIM HISTORY

Charlene filed for DIB in March 2019, claiming that her disability began on March 1, 2019, due to seizure disorder, stage 3 kidney failure, cysts in her kidneys, diabetes, nausea, keratoconus, menginoma, balance problems, hearing loss in her left ear, bilateral shoulder pain, bilateral knee pain, fibromyalgia, gastroparesis, irritable bowel syndrome, GERD, diverticulitis, diabetic neuropathy, pain in her back and legs, anxiety, depression, shortness of breath, chest pain, migraines, and a heart murmur. R. 353–54, 373. Charlene's date last insured is December 31, 2024; thus, she must show that her disability began on or before this date and existed for twelve continuous months to receive DIB. R. 289; 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a). The state agency denied Charlene's applications at the initial and reconsideration levels of administrative review. R. 353–70, 372–90. On December 1, 2020, ALJ David Lewandowski held a hearing to consider Charlene's claim for DIB. R. 318–52. Counsel represented Charlene at the hearing, which included testimony from vocational expert John Newman. On March 16, 2021, the ALJ entered his decision analyzing

Charlene's claim under the familiar five-step process[3] and denying her claim for benefits.[4] R. 289–307.

The ALJ found that Charlene suffered from the severe impairments of cervical and lumbar degenerative changes, headaches, osteoarthritis of the knees, vertigo, gastroparesis, keratoconus, diabetes with neuropathy, carpal tunnel syndrome, left shoulder osteoarthritis, asthma, chronic kidney disease, fibromyalgia, obesity, hearing loss, and heart murmur. R. 291. The ALJ found Charlene was mildly limited in the broad functional areas of understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. R. 293–94.

The ALJ determined that Charlene's mental and physical impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 295. The ALJ specifically considered listing 1.02 (major dysfunction of a joint), listing 1.04 (disorders of the spine), listing 3.03 (asthma), listing 2.02 (loss of central visual acuity), listing 2.10 (hearing loss not treated with cochlear implantation), listing 6.05 (chronic kidney disease, with impairment in kidney function), listing 11.14 (peripheral neuropathy), SSR 19-2p[5] (obesity), SSR 12-2p (fibromyalgia), SSR 14-2p (diabetes mellitus), and SSR19-4p (headaches).

---

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R.§ 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

[4] Charlene was 48 years old on her alleged onset date, making her a younger person under the Act. R. 306.

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); 20

The ALJ determined that Charlene retained the residual functional capacity ("RFC") to perform sedentary work. R. 297. Charlene can perform occasional postural activities but cannot climb ladders, ropes, or scaffolds. Id. She can occasionally push and pull, can frequently reach, handle, and finger, but cannot reach overhead. Id. Charlene should avoid concentrated exposure to extreme temperatures, pulmonary irritants, industrial hazards, and loud noise, such as heavy traffic. Id. The ALJ determined that Charlene had past relevant work as an engineering clerk, medical records clerk, customer service representative, and collections clerk. R. 305. The ALJ also determined that Charlene could perform other jobs that exist in significant numbers in the national economy, such as assembler, inspector tester, and packer/stuffer. R. 306–07. Charlene appealed the ALJ's decision, and the Appeals Council denied her request for review on May 18, 2021. R. 158–60.

## ANALYSIS

Charlene alleges that the ALJ failed to properly assess her age category, her physical and mental impairments, and her subjective allegations about her pain.

**A. Medical History Overview**

1. Medical Treatment

   a. Physical Impairments

Charlene has a history of diabetes, which was diagnosed as uncontrolled throughout the relevant period. R. 1552, 1834, 2081, 2306, 3059. After installation of a new insulin pump, her doctor stated that she was "managing glucoses very well." R. 2643. However, she experienced symptoms related to her diabetes after she had to discontinue use of her insulin pump because of insurance issues. R. 3121. Charlene also has a history of migraines, shoulder, back, and knee

---

C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." Pass v. Chater, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995).

pain, carpal tunnel syndrome, and cornea issues. Charlene received Botox injections for her migraines. R. R. 2207, 2894, 2899. To treat Charlene's pain in her shoulders, back, and knees, doctors prescribed physical therapy, medications, and injections. R. 107, 625, 1691, 1696, 1856, 1871, 1970, 2179, 2756, 2779, 2916, 3008. Several surgeries were also suggested, but doctors stated that Charlene's A1C had to be lower before they could perform the surgeries. R. 89, 130, 1682, 2442, 2789. Charlene wore braces and got injections to treat her carpal tunnel syndrome and was recommended surgery. R. 1722, 2187, 2194. Charlene had a corneal transplant in her left eye and is interested in surgery for a corneal transplant in her right eye. R. 1478, 2637.

    b. Mental Health

Charlene has a history of recurrent major depressive disorder and anxiety. R. 1672, 1717, 1834. Charlene was compliant with her medications and attended counseling throughout the relevant period but still reported symptoms from her depression and anxiety. R. 225, 1677, 1717, 2321, 2589, 2684, 2824.

    2. <u>Medical Opinions</u>

In August 2019 and January 2020, respectively, state agency physicians Jack Hutcheson, M.D., and Roger Tims, M.D., reviewed the record and found Charlene capable of light work. R. 353–70, 372–90. The ALJ found these opinions not persuasive. R. 305. The ALJ reasoned that "the medical evidence of record, particularly the evidence received at the hearing level which [Drs. Hutcheson and Tims] did not get a chance to review, shows the claimant should be limited to sedentary work." <u>Id</u>. State agency psychologists Joseph Leizer, Ph.D., and Nicole Sampson, Ph.D., found that Charlene's mental impairments were non-severe. R. 364, 384. The ALJ found these opinions very persuasive. R. 293. The ALJ reasoned that the opinions "are

consistent with the totality of the medical evidence in this case, which shows the claimant usually had normal mental status or only occasional findings in mood and effect." Id.

The ALJ stated that Charlene's "treating practitioners sometimes noted in the records that [she] was unable to work or that she was disabled." R. 305. The ALJ did not evaluate the persuasiveness of these opinions but noted that the opinions "are considered medical opinions under the regulations." Id.

### B. Age Category

Charlene states that she changed age categories after she filed for DIB and before the ALJ issued his decision. Pl.'s Br. at 51, Dkt. 16. Charlene argues that "[a]lthough the testimony by the vocational expert that plaintiff can perform other work . . . supports denial of benefits under the framework of Medical-Vocational Rule 201.21, this rule applies only during the period that [Charlene] was a younger individual." Id. at 50. Charlene turned 50 years old on May 25, 2020, at which point she changed age categories to closely approaching advanced age. Once she changed age categories, Charlene argues that "using the same education and work experience outlined by the ALJ, Medical-Vocational Rule 201.14 directs a conclusion of disabled." Id. at 51 (internal quotations omitted). The Commissioner does not address this part of Charlene's argument in her brief.[6]

Under the Act, a person under age 50 is considered a younger person. 20 C.F.R. § 404.1563(c). For a claimant in this category, the SSA does "not consider that [the claimant's] age will seriously affect [her] ability to adjust to other work." Id. A person between the ages of

---

[6] The Commissioner summarizes Charlene's arguments as "(1) alleged inconsistencies between the duties of two of four [of] Plaintiff's past relevant jobs and the ALJ's residual function capacity assessment; (2) the ALJ's consideration of Plaintiff's physical residual functional capacity assessment; and (3) the ALJ's consideration of certain of Plaintiff's subjective physical complaints." Def.'s Br. at 3, Dkt. 18. The Commissioner further states that "all other issues have been waived and will not be addressed by the Commissioner." Id.

50 and 54 is considered a person closely approaching advanced age. 20 C.F.R. § 404.1563(d). For a claimant in this category, the SSA "will consider that [her] age along with a severe impairment(s) and limited work experience may seriously affect [her] ability to adjust to other work." Id. The SSA "will use each of the age categories that applies to [the claimant] during the period for which [it] must determine if [the claimant is] disabled." 20 C.F.R. § 404.1563(b); see also Brown v. Colvin, No. 3:13-CV-00393-FDW, 2014 WL 1658751, at *3 (W.D.N.C. Apr. 25, 2014) ("An ALJ must consider a claimant's age category from the alleged disability onset date until the date the ALJ announces his decision."); Devlin v. Saul, No. 2:19CV00003, 2020 WL 3107892, at *6 (W.D. Va. Jan. 30, 2020); Kimberly G. v. Berryhill, No. CV CBD-18-2657, 2019 WL 3037149, at *4 (D. Md. July 11, 2019); Brascher v. Astrue, No. 3:10CV256-HEH, 2011 WL 1637045, at *1 (E.D. Va. Apr. 29, 2011).

A claimant's change in age category is considered a material change that must be considered by an ALJ. See Oberg v. Astrue, 472 F. App'x 488, 491 (9th Cir. 2012) (finding "serious error" where the ALJ did not consider a change in age category); Branon v. Astrue, No. 5:09CV184-J, 2010 WL 4809041, at *1 (W.D. Ky. Nov. 18, 2010), aff'd sub nom. Branon v. Comm'r, 539 F. App'x 675 (6th Cir. 2013) (finding remand appropriate where "[t]he ALJ failed to acknowledge the change in age category and to make requisite findings of fact and conclusions consistent with that change"). The Fourth Circuit has used a harmless error analysis in Social Security cases, indicating that an ALJ's error must affect the substance of the decision to require remand. See Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir. 2005) ("Any error the ALJ may have made in rejecting Dr. Holford's medical opinion, which provided essentially the same time restriction on sitting and standing as the FCE, was therefore harmless."); Bishop v. Barnhart, 78 F. App'x 265, 267 (4th Cir. 2003) (applying the harmless error analysis);

8

Huddleston v. Astrue, 826 F. Supp. 2d 942, 955 (S.D.W. Va. 2011) ("[C]ourts have applied a harmless error analysis to administrative decisions that do not fully comport with the procedural requirements of the agency's regulations, but for which remand would be merely a waste of time and money.") (internal quotations omitted).

Here, the ALJ failed to discuss Charlene's change in age category. Charlene was born on May 25, 1970. R. 321. The ALJ held a hearing on December 1, 2020, and issued his decision on March 16, 2021. R. 307, 318. Accordingly, both at the time of the hearing and the ALJ's decision, Charlene was 50 years old.[7] The ALJ makes only one reference to Charlene's age category: "The claimant was born on May 25, 1970, and was 48 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date." R. 306. The ALJ does not discuss that during the relevant period, Charlene turned 50 years old and moved to the closely approaching advanced age category. The ALJ also does not discuss how Charlene's placement in the closely approaching advanced age category could affect whether she was classified as disabled. Further, the ALJ's failure to address the change in age category is not a harmless error. The ALJ found that "using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled, whether or not the claimant has transferable job skills." R. 306. The ALJ's statement is correct for Charlene when she was under 50 years old and in the younger individual age category. However, for an individual with Charlene's education and skills in the closely approaching advanced age category, whether she has transferable job skills is outcome determinative for a finding of disability. Compare Medical-Vocational Rule 201.13, 20 C.F.R. § Pt. 404, Subpt. P, App. 2 (finding an individual with a high school degree or more with direct

---

[7] The Commissioner notes that Charlene "was fifty years old on the date of the ALJ's decision." Def.'s Br. at 3, Dkt. 18.

9

entry into skilled work not disabled) <u>with</u> Medical Vocational Rule 201.14, 20 C.F.R. § Pt. 404, Subpt. P, App. 2 (finding an individual with a high school degree or more with no direct entry into skilled work disabled). Because the ALJ's failure to address Charlene's change in age category materially affects whether Charlene is disabled, I recommend remanding this case with specific instructions for the ALJ to consider Charlene's change in age category.[8]

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** entering an order **DENYING** the Commissioner's motion for summary judgment, **GRANTING in part** Plaintiff's motion for summary judgment, and **REMANDING** this case to the Commissioner.

The clerk is directed to transmit the record in this case to Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection, including the waiver of the right to appeal.

---

[8] Because I find that remand is warranted based on the ALJ's failure to adequately analyze and account for Charlene's age category, Charlene's additional allegations of error will not be decided. <u>See Boone v. Barnhart</u>, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

Entered: January 3, 2023

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

11